# 17-2243-CR

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

———— ⧓ ————

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

GRANT BERMAN, SHAUN LEVY, JEFFREY NOLL, amd
DAVID BENGIS

*Defendants,*

*and*

ARNOLD MAURICE BENGIS

*Defendant-Appellant.*

,

.

———————

*On Appeal from the United States District Court
for the Southern District of New York (New York City)*

## SPECIAL APPENDIX

Eric M. Creizman
CREIZMAN PLLC
*Attorneys for Defendant-Appellant
Arnold Maurice Bengis*
565 Fifth Avenue, 7th Floor
New York, New York 10017
212-972-0200

# SPECIAL APPENDIX
## <u>TABLE OF CONTENTS</u>

1. Amended Judgment in a Criminal Case………..…...……….SPA001-SPA006

2. Preliminary Order of Forfeiture…………………………..SPA007-SPA010

3. Memorandum and Order 7-20-17……………..…………SPA011-SPA013

4. Order 7-20-17………………………………………….SPA014

5. Order re Resentencing 3-27-17……………………...…SPA015-SPA016

6. Amended Notice of Appeal 7-21-17………………...…SPA017-SPA018

7. Notice of Appeal 7-20-17……………………………….SPA019-SPA020

8. Text of Relevant Statutes and Rules

    A  18 U.S.C. §3664(0)………………………………..SPA021

    B  18 U.S.C. §3614……………………………...SPA021

    C  Fed. R. Crim. P. 32.2……………………………SPA022-SPA027

    D  Fed. R. Crim. P. 32…………………………...…SPA028-SPA033

    E  18 U.S.C. §3771………………………………...SPA033-SPA038

    F  Fed. R. Crim. P. 38(e)(2)……………………….SPA039

    G  18 U.S.C. §3613A(a)(1)……………………...…SPA039

AO 245C (Rev. 11/16)    Amended Judgment in a Criminal Case
                        Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## Southern District of New York

UNITED STATES OF AMERICA

v.

ARNOLD MAURICE BENGIS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number:   (S1)03-CR-308-001(LAK)
USM Number:   55376-054
Mr. Eric M. Creizman, Esq. 212-972-0200
Defendant's Attorney

**Date of Original Judgment:**   June 3, 2004
                        *(Or Date of Last Amended Judgment)*

**Reason for Amendment:**

- ✓ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
     ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

- ✓ pleaded guilty to count(s)   (S1)1, (S1)8, (S1)19, (S1)21
- ☐ pleaded nolo contendere to count(s)
     which was accepted by the court.
- ☐ was found guilty on count(s)
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Violate the Lacey Act to Commit Smuggling | 8/1/01 | (S1) 1 |
| 16 USC 3372(a)(2)(A) | Violations of the Lacey Act | 11/31/00 | (S1) 8 |
| 16 USC 3372(a)(2)(A) | Violations of the Lacey Act | 4/23/01 | (S1)19 |
| 16 USC 3372(a)(2)(A) | Violations of the Lacey Act | 6/5/01 | (S1)21 |

   The defendant is sentenced as provided in pages 2 through  6* _____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)
- ✓ Count(s) _____ All Open _____ ☐ is  ✓ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 19, 2017
Date of Imposition of Judgment

_____
Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

7/20/17
Date

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   6*

DEFENDANT:        ARNOLD MAURICE BENGIS
CASE NUMBER:      (S1)03-CR-308-001(LAK)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

**\*57 Months on each count, the terms to run concurrently.\***

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

✓   **\*The defendant shall surrender to the United States Marshal for this district forthwith.\***

    ☐   at _____   ☐   a.m.   ☐   p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   3   of   6*

DEFENDANT:         ARNOLD MAURICE BENGIS
CASE NUMBER:       (S1)03-CR-308-001(LAK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

**2 Years on each count, the terms to run concurrently.  The terms of supervised release are subject to the following special conditions:\***

**The defendant shall provide the probation officer with any financial information and documentation he or she may request.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from                imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ✓  The above drug testing condition is suspended, based on the court's determination that you pose a low substance abuse. *(check if applicable)*
4. ✓  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/16)  Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page 4 of 6* |

DEFENDANT: ARNOLD MAURICE BENGIS
CASE NUMBER: (S1)03-CR-308-001(LAK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 11/16)  Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 _____ of 6

DEFENDANT:     ARNOLD MAURICE BENGIS
CASE NUMBER:   (S1)03-CR-308-001(LAK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine | Restitution |
|--------|------------|------------------|------|-------------|
| **TOTALS** | $ 400 | $ | $ | $ 22,446,720* as per the 6/14/2013 Memorandum Opinion* |

✓ Further determination of restitution is deferred ___9/27/17*___ . A *Second Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

✓ The defendant shall make restitution (including community restitution) to the following payees in the amount

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|--------------------------|-----------------------------|
| Republic of South Africa* | 22,446,720* | 22,446,720* | |

| **TOTALS** | $ 22,446,720* | $ 22,446,720* |
|------------|---------------|----------------|

As found in the 6/14/13 Memorandum Opinion*

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐  the interest requirement is waived for  ☐ fine  ☐ restitution.

    ☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___6___ of ___6*___

DEFENDANT:      ARNOLD MAURICE BENGIS
CASE NUMBER:   (S1)03-CR-308-001(LAK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ✓   Lump sum payment of $ ___400___ due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

✓   The defendant shall forfeit the defendant's interest in the following property to the United States:
**$5,900,000 as per the 6/3/2004 J&C***
**Additional $37,200,838.36 as per the restitution order signed 7/19/2017.***

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 20 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
                                       :
UNITED STATES OF AMERICA               :   PRELIMINARY ORDER OF
                                       :   FORFEITURE/MONEY JUDGMENT
            -v.-                       :   S1 03 Cr. 308 (LAK)
                                       :
ARNOLD BENGIS,                         :
                                       :
                  DEFENDANT.           :
- - - - - - - - - - - - - - - - - - - -x

        WHEREAS, on or about August 8, 2003, ARNOLD BENGIS,(the

"defendant"), was charged in a twenty-one count Superseding

Indictment, S1 03 Cr. 308 (LAK) (the "Indictment"), with conspiracy

to violate the Lacey Act and to commit smuggling, in violation of Title

18, United States Code, Section 371 (Count One); violating the Lacey

Act, in violation of Title 16, United States Code, Section

3372(a)(2)(A), and Title 18, United States Code, Section 2 (Counts

Eight, Nineteen, and Twenty-One);

        WHEREAS, the Indictment included a forfeiture allegation as

to Count One, seeking forfeiture to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461, of all property, real and personal,

that constitutes or is derived from proceeds traceable to the

commission of the offenses charged in Count One of the Indictment;

        WHEREAS, on or about March 1, 2004, the defendant pled guilty

to Counts One, Eight, Nineteen, and Twenty-One of the Indictment,

pursuant to a plea agreement with the Government, admitted the

forfeiture allegation with respect to Count One of the Indictment and

agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), a sum of money equal or greater to $5 million in United States currency, representing property constituting or derived from proceeds traceable to the commission of the offenses charged in Count One of the Indictment;

WHEREAS, on or about May 28, 2004, pursuant to a Stipulation between the Government and the defendant, it was agreed that as a result of the offenses in Count of the Indictment, for which the defendant entered a plea of guilty, a money judgment in the amount of $5,900,000 in United States currency would be entered against the defendant in full satisfaction of the forfeiture allegations in the Indictment, and would represent the amount of the property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses alleged in Count One of the Indictment;

WHEREAS, on or about March 6, 2017, the Court ordered that the defendant be resentenced pursuant to Title 18, United States Code, Sections 3361A and 3614, based on the defendant's failure to pay restitution;

WHEREAS, on or about July 18, 2017, the Court ordered that a proposed preliminary order of forfeiture/money judgment be submitted in the event the Court orders additional forfeiture in connection with the defendant's resetencing;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Count One of the Indictment, to which the defendant pled guilty, ~~a money judgment in~~ the amount of $ 37,200,938.36 in United States currency ~~(the "Money~~ Judgment") shall be entered against the defendant.

*[handwritten margin notes: United States; the Defendant shall forfeit to the and a money judgment in that amount]*

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, this Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, ARNOLD BENGIS and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service (or its designee), and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One Saint Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. Upon execution of this Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service (or its designee) shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

3

5.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7.    The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One Saint Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____          DATE 7/19/17
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

               -against-

ARNOLD MAURICE BENGIS,

                        Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

03 Cr. 308 (LAK) (AJP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7 -20 -2017

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        The Court yesterday resentenced defendant Arnold Bengis as a consequence of his default on the restitution obligations originally imposed as part of his criminal judgment.[1]

        The Court's sentence included, among other things, a requirement that defendant forfeit to the United States a sum of $37,200,838.36,[2] as more fully set forth in a written order of forfeiture. That forfeiture now is final as to Bengis.[3]

        The Court has made findings of fact and conclusions of law in support of its authority

---

[1]     *See* 18 U.S.C. § 3613A(a)(1) ("Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may . . . resentence a defendant pursuant to section 3614 . . . ."); 18 U.S.C. § 3614(a) (providing that, "if a defendant knowingly fails to pay a delinquent fine or restitution the court may resentence the defendant to any sentence which might originally have been imposed").

[2]     Defendant pled guilty to four counts of a twenty-one count superseding indictment charging a conspiracy to violate the Lacey Act, in violation of 18 United States Code Section 371, that extended from in or about 1987 through in or about August 1, 2001 and involved the importation for sale in the United States of South African rock lobster captured in violation of that nation's laws. The defendant admitted the forfeiture allegations of the indictment.

[3]     *See* Fed. R. Crim. P. 32.2(4).

to resentence defendant and the sentence imposed.[4]  The purpose of this brief memorandum is to provide details of the Court's forfeiture calculation.

The starting point for the forfeiture calculation was a report compiled by the Ocean and Land Resource Assessment Consultants ("OLRAC"), which was submitted to the Court as part of the original sentencing and with which the parties are well familiar.  This Court and the Court of Appeals previously had relied upon the OLRAC report to calculate the amount of restitution that Arnold Bengis and his codefendants owed to the Republic of South Africa, the victim of their crimes.[5]

OLRAC calculated the "overcatch"[6] of the West Coast rock lobster for the 1999-2000 season at 598 metric tons.[7]  That time period is significant because it is the only season for which there is evidence of the prices at which defendant's firm sold the rock lobsters in the United States. That evidence is a series of invoices from Bengis' American business, dated over the course of 2000 and 2001, that the government submitted via a declaration of Jeffrey Ray of the National Oceanic and Atmospheric Administration.[8]  These invoices demonstrate that Bengis' company obtained a minimum $20 per pound for West Coast rock lobsters and sometimes more.

The Court therefore estimated the gross revenue of Bengis' rock lobster sales in the United States during that one-year period by multiplying the amount of pilfered lobsters (589 metric tons) by the prevailing market price in the United States during approximately the same time period ($20 per pound, or $44 per kilogram).  This equates to $26,312,000.  The Court acknowledges that this calculation, while supported by the record evidence, is the product of some approximations. Still, it is an extremely conservative estimate of defendant's ill-gotten gains from a conspiracy that, by his own admission, extended from 1987 through 2001.

There remained, however, the time value of money.  Any disgorgement of ill-gotten gains would be inadequate if it did not account for the defendant's ability to use and invest the

---

[4]   The court was authorized to "resentence the defendant to any sentence which might originally have been imposed," 18 U.S.C. § 3614(a), and to "issue any order reasonably necessary to ensure compliance with a restitution order," Fed. R. Crim. P. 38(e)(2).

[5]   *See United States v. Bengis*, 631 F.3d 33, 41 (2d Cir. 2011); *United States v. Bengis*, 03-cr-308 (LAK), 2013 WL 2922292 (S.D.N.Y. June 14, 2013), *aff'd in relevant part United States v. Bengis*, 783 F.3d 407, 411-12 (2d Cir. 2015).

[6]   The term refers to the amount of lobster removed from South African waters in excess of the levels permitted by that nation's laws. *See* DI 368, at ECF pp. 6-30 (detailing OLRAC's damage calculation methods).

[7]   DI 368, at ECF p. 38.

[8]   *See* DI 368-1.

proceeds of his criminality before the entry of judgment. The Court therefore employed a simple interest running from January 1, 2001 to July 19, 2017. The Court employed 2.5 percent interest based on a review of the interest rates on United States government obligations over the relevant period.[9] The total amount of forfeiture, inclusive of this simple interest calculation, becomes $37,200,838.36.[10]

       SO ORDERED.

Dated:      July 20, 2017

                                      Lewis A. Kaplan
                                United States District Judge

---

[9]     *See* Resource Center, Historical Treasury Rates, U.S. DEP'T OF TREASURY, https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/Historic-LongTerm-Rate-Data-Visualization.aspx (last visited July 19, 2017).

[10]     Because the Court approximated the interest rate, it invited the parties to submit to the Court a more appropriate rate, if they should believe one exists. The Court then will consider amending the forfeiture calculation to correct for any identified clerical mistakes pursuant to Rule 36.

**SPA014**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                -against-

ARNOLD MAURICE BENGIS,

                      Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-20-2017

03 Cr. 308 (LAK) (AJP)

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        The Court at yesterday's resentencing deferred ruling on the question of whether and to what extent to amend the restitution obligations in defendant's criminal judgment. The Court will hear argument on the matter of restitution on Thursday, September 7, 2017, at 2:30 p.m. Should either party believe that additional briefing would be helpful, any such submissions are due by Monday, August 21, 2017, and should be no more than ten double-spaced pages. Any reply is due by Monday, August 28, 2017, subject to the same page restrictions.

        SO ORDERED.

Dated:      July 20, 2017

                                 Lewis A. Kaplan
                         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

          -against-

ARNOLD MAURICE BENGIS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ⎿MAR 2 7 2017

03 Crim. 0308 (LAK)

### ORDER

LEWIS A. KAPLAN, *District Judge.*

       On December 23, 2016, the government moved for an order finding this defendant in default of the restitution order and in contempt of court, holding him in criminal default, and resentencing him. *So much of the motion as seeks to have the Court resentence the defendant pursuant to 18 U.S.C. §§ 3613A(a)(1) and 3614(a) on the ground that he knowingly failed to pay restitution and is in default of his obligation to do so is granted.* *The case is set for resentencing on May 30, 2017 at 3:30 p.m.*

       Rule 32 is silent on the question whether a presentence report is required in connection with a resentencing pursuant to the above-cited statutes. Moreover, it permits a sentencing court to dispense with such a report if it finds that the information in the record enables it to meaningfully exercise its sentencing discretion, which probably often will be the case where a court resentences in light of a default with respect to payment of a fine or restitution.

       In this case, the defendant – who is outside of the United States and has waived any right he otherwise might have to be resentenced in person – has declined to waive any right he might have to the preparation of a presentence report. He has suggested that a new PSR would be appropriate "given the length of time since [his] original sentencing . . . , his advanced age, his current medical condition, and his current financial condition." He has offered to submit to a presentence interview by telephone and expressed an intention to provide information requested by the Probation Office "regarding his financial assets."

       In the circumstances, the Court finds that the information in the record is sufficient to enable it meaningfully to exercise its sentencing authority with the exception of the following subjects:

       1.     Defendant's current age and medical condition and the extent, if any, to which his medical condition has changed since the original sentencing.

       2.     Defendant's current financial assets..

       *Accordingly, the Probation Department shall prepare a supplement to the presentence*

*report addressing those subjects. In addition, the supplement shall detail all significant changes since the date of the defendant's original sentencing in (a) the defendant's financial situation, (b) his positions and his legal or practical influence with respect to (i) Balagan Ltd., (ii) the Delta One, Gamma and Lambda trusts,, and (iii) each of the entities identified on Exhibit U to the government's contempt motion of April 23, 2013 [DI 233-11], and the assets of each, and (c) the reasons for and circumstances thereof. The defendant shall provide the Probation Department promptly with such information and documents as it may request in connection with its preparation of the supplement.*

SO ORDERED.

Dated:          March 27, 2017

Lewis A. Kaplan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA :
: Docket No.: 03-CR-308 (LAK)
-v- :
: **AMENDED NOTICE OF APPEAL**
ARNOLD BENGIS, et al., :
:
Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Notice is hereby given that Arnold Bengis appeals to the United States Court of Appeals

for the Second Circuit from:

(1) the Order, entered March 27, 2017 (DE 353), granting the government's motion to: (i)

find Arnold Bengis in default of the restitution order and in contempt of court, (ii)

hold Bengis in criminal default, and (iii) resentence Bengis;

(2) the Order, entered during oral argument at a hearing dated July 19, 2017, denying

Bengis's motion to vacate its finding of default and its order of a resentencing of

Bengis;

(3) the sentence, imposed during the July 19, 2017 hearing, and forthcoming Judgment

resentencing Bengis to: (i) 57 months of incarceration, followed by a term of two

years of supervised release, plus the mandatory $400 special assessment; (ii) forfeit to

the United States the amount of $37,200,838.36 in U.S. currency, and a money

judgment in that amount;

(4) the Preliminary Order of Forfeiture, entered on July 20, 2017 (DE 372), ordering

Bengis to forfeit to the United States the amount of $37,200,838.36 in U.S. currency,

and a money judgment in that amount;

**SPA018**

(5) the Memorandum and Order, entered on July 20, 2017 (DE 373), imposing on resentencing, the above-referenced Preliminary Order of Forfeiture, deemed by the district court as "final" as to Bengis;

(6) the Order, entered on July 20, 2017 (DE 374), ordering a hearing on restitution for September 7, 2017;

(7) the Amended Judgment, entered on July 20, 2017 (DE 376), and

(8) from each and every intermediate order culminating in the above Orders and Judgments.

Dated: New York, New York
July 21, 2017

Respectfully submitted,

Eric M. Creizman (EC 7684)
Melissa Madrigal (MM 0200)
CREIZMAN PLLC
565 Fifth Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 972-0200
Facsimile: (646) 200-5022
Email: ecreiz@creizmanllc.com
        mmadrigal@creizmanllc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                        :
:        Docket No.: 03-CR-308 (LAK)
-v-                     :
:        **NOTICE OF APPEAL**
ARNOLD BENGIS, et al.,                          :
:
Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - x

   Notice is hereby given that Arnold Bengis appeals to the United States Court of Appeals

for the Second Circuit from:

   (1) the Order, entered March 27, 2017 (DE 353), granting the government's motion to: (i)

     find Arnold Bengis in default of the restitution order and in contempt of court, (ii)

     hold Bengis in criminal default, and (iii) resentence Bengis;

   (2) the Order, entered during oral argument at a hearing dated July 19, 2017, denying

     Bengis's motion to vacate its finding of default and its order of a resentencing of

     Bengis;

   (3) the sentence, imposed during the July 19, 2017 hearing, and forthcoming Judgment

     resentencing Bengis to: (i) 57 months of incarceration, followed by a term of two

     years of supervised release, plus the mandatory $400 special assessment; (ii) forfeit to

     the United States the amount of $37,200,838.36 in U.S. currency, and a money

     judgment in that amount;

   (4) the Preliminary Order of Forfeiture, entered on July 20, 2017 (DE 372), ordering

     Bengis to forfeit to the United States the amount of $37,200,838.36 in U.S. currency,

     and a money judgment in that amount;

(5) the Memorandum and Order, entered on July 20, 2017 (DE 373), imposing on resentencing, the above-referenced Preliminary Order of Forfeiture, deemed by the district court as "final" as to Bengis;

(6) the Order, entered on July 20, 2017 (DE 373), ordering a hearing on restitution for September 7, 2017; and

(7) from each and every intermediate order culminating in the above Orders and Judgments.

(8)

Dated: New York, New York
July 20, 2017

Respectfully submitted,

Eric M. Creizman (EC 7684)
Melissa Madrigal (MM 0200)
CREIZMAN PLLC
565 Fifth Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 972-0200
Facsimile: (646) 200-5022
Email: ecreiz@creizmanllc.com
        mmadrigal@creizmanllc.com

## Text of Relevant Statutes and Rules

• **18 U.S.C. §3664(o)**

A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—

such a sentence can subsequently be—

(A)  corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

(B)  appealed and modified under section 3742;

(C)  amended under subsection (d)(5); or

(D)  adjusted under section 3664(k), 3572, or 3613A; or

the defendant may be resentenced under section 3565 or 3614.

• **18 U.S.C. §3614**

(a)Resentencing.—
Subject to the provisions of subsection (b), if a defendant knowingly fails to pay a delinquent fine or restitution the court may resentence the defendant to any sentence which might originally have been imposed.

(b)Imprisonment.—The defendant may be sentenced to a term of imprisonment under subsection (a) only if the court determines that—

(1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient bona fide efforts to pay the fine; or

(2) in light of the nature of the offense and the characteristics of the person, alternatives to imprisonment are not adequate to serve the purposes of punishment and deterrence.

(c)Effect of Indigency.—
In no event shall a defendant be incarcerated under this section solely on the basis of inability to make payments because the defendant is indigent.

• **Federal Rule of Criminal Procedure R. 32.2 Criminal Forfeiture**

(a) Notice to the Defendant. A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The notice should not be designated as a count of the indictment or information. The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's

interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(B) Timing. Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(C) General Order. If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

(i) lists any identified property;

(ii) describes other property in general terms; and

(iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

(3) Seizing Property. The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

(4) Sentence and Judgment.

(A) When Final. At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

(B) Notice and Inclusion in the Judgment. The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The

court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

(C) Time to Appeal. The time for the defendant or the government to file an appeal from the forfeiture order, or from the court's failure to enter an order, begins to run when judgment is entered. If the court later amends or declines to amend a forfeiture order to include additional property under Rule 32.2(e), the defendant or the government may file an appeal regarding that property under Federal Rule of Appellate Procedure 4 (b). The time for that appeal runs from the date when the order granting or denying the amendment becomes final.

(5) Jury Determination.

(A) Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

(B) Special Verdict Form. If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

(6) Notice of the Forfeiture Order.

(A) Publishing and Sending Notice. If the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

(B) Content of the Notice. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact

information for the government attorney to be served with the petition.

(C) Means of Publication; Exceptions to Publication Requirement. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

(D) Means of Sending the Notice. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)–(v) of the Federal Rules of Civil Procedure.

(7) Interlocutory Sale. At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.

(c) Ancillary Proceeding; Entering a Final Order of Forfeiture.

(1) In General. If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

(A) In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

(B) After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

(2) Entering a Final Order. When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely

petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant (or any combination of defendants convicted in the case) had an interest in the property that is forfeitable under the applicable statute. The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or third party; nor may a third party object to the final order on the ground that the third party had an interest in the property.

(3) Multiple Petitions. If multiple third-party petitions are filed in the same case, an order dismissing or granting one petition is not appealable until rulings are made on all the petitions, unless the court determines that there is no just reason for delay.

(4) Ancillary Proceeding Not Part of Sentencing. An ancillary proceeding is not part of sentencing.

(d) Stay Pending Appeal. If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

(e) Subsequently Located Property; Substitute Property.

(1) In General. On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:

(A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or

(B) is substitute property that qualifies for forfeiture under an applicable statute.

(2) Procedure. If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:

(A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and

(B) if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).

(3) Jury Trial Limited. There is no right to a jury trial under Rule 32.2(e).

• **Federal Rule of Criminal Procedure R. 32 Sentencing and Judgment**

(a) [Reserved. ]

(b) Time of Sentencing.

(1) In General. The court must impose sentence without unnecessary delay.

(2) Changing Time Limits. The court may, for good cause, change any time limits prescribed in this rule.

(c) Presentence Investigation.

(1) Required Investigation.

(A) In General. The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless:

(i) 18 U.S.C. §3593 (c) or another statute requires otherwise; or

(ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record.

(B) Restitution. If the law permits restitution, the probation officer must conduct an investigation and submit a report that contains sufficient information for the court to order restitution.

(2) Interviewing the Defendant. The probation officer who interviews a defendant as part of a presentence investigation must, on request, give the defendant's attorney notice and a reasonable opportunity to attend the interview.

(d) Presentence Report.

(1) Applying the Advisory Sentencing Guidelines. The presentence report must:

(A) identify all applicable guidelines and policy statements of the Sentencing Commission;

(B) calculate the defendant's offense level and criminal history category;

(C) state the resulting sentencing range and kinds of sentences available;

(D) identify any factor relevant to:

(i) the appropriate kind of sentence, or

(ii) the appropriate sentence within the applicable sentencing range; and

(E) identify any basis for departing from the applicable sentencing range.

(2) Additional Information. The presentence report must also contain the following:

(A) the defendant's history and characteristics, including:

(i) any prior criminal record;

(ii) the defendant's financial condition; and

(iii) any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment;

(B) information that assesses any financial, social, psychological, and medical impact on any victim;

(C) when appropriate, the nature and extent of nonprison programs and resources available to the defendant;

(D) when the law provides for restitution, information sufficient for a restitution order;

(E) if the court orders a study under 18 U.S.C. §3552 (b), any resulting report and recommendation;

(F) a statement of whether the government seeks forfeiture under Rule 32.2 and any other law; and

(G) any other information that the court requires, including information relevant to the factors under 18 U.S.C. §3553 (a).

(3) Exclusions. The presentence report must exclude the following:

(A) any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program;

(B) any sources of information obtained upon a promise of confidentiality; and

(C) any other information that, if disclosed, might result in physical or other harm to the defendant or others.

(e) Disclosing the Report and Recommendation.

(1) Time to Disclose. Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty.

(2) Minimum Required Notice. The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period.

(3) Sentence Recommendation. By local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.

(f) Objecting to the Report.

(1) Time to Object. Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.

(2) Serving Objections. An objecting party must provide a copy of its objections to the opposing party and to the probation officer.

(3) Action on Objections. After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.

(g) Submitting the Report. At least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them.

(h) Notice of Possible Departure from Sentencing Guidelines. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

(i) Sentencing.

(1) In General. At sentencing, the court:

(A) must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;

(B) must give to the defendant and an attorney for the government a written summary of—or summarize in camera— any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information;

(C) must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; and

(D) may, for good cause, allow a party to make a new objection at any time before sentence is imposed.

(2) Introducing Evidence; Producing a Statement. The court may permit the parties to introduce evidence on the objections. If a witness testifies at sentencing, Rule 26.2(a)–(d) and (f) applies. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.

(3) Court Determinations. At sentencing, the court:

(A) may accept any undisputed portion of the presentence report as a finding of fact;

(B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and

(C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

(4) Opportunity to Speak.

(A) By a Party. Before imposing sentence, the court must:

(i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;

(ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

(iii) provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

(B) By a Victim. Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard.

(C) In Camera Proceedings. Upon a party's motion and for good cause, the court may hear in camera any statement made under Rule 32(i)(4).

(j) Defendant's Right to Appeal.

(1) Advice of a Right to Appeal.

(A) Appealing a Conviction. If the defendant pleaded not guilty and was convicted, after sentencing the court must advise the defendant of the right to appeal the conviction.

(B) Appealing a Sentence. After sentencing—regardless of the defendant's plea—the court must advise the defendant of any right to appeal the sentence.

(C) Appeal Costs. The court must advise a defendant who is unable to pay appeal costs of the right to ask for permission to appeal in forma pauperis.

(2) Clerk's Filing of Notice. If the defendant so requests, the clerk must immediately prepare and file a notice of appeal on the defendant's behalf.

(k) Judgment.

(1) In General. In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it.

(2) Criminal Forfeiture. Forfeiture procedures are governed by Rule 32.2.

- **18 U.S.C. §3771, Crime Victims' Rights Act**

(a) Rights of Crime Victims.—A crime victim has the following rights:

(1) The right to be reasonably protected from the accused.

(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.

(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

(5) The reasonable right to confer with the attorney for the Government in the case.

(6) The right to full and timely restitution as provided in law.

(7) The right to proceedings free from unreasonable delay.

(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

(9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.

(10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)) and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

(b)Rights Afforded.—

(1)In general.—
In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a). Before making a determination described in subsection (a)(3), the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding. The reasons for any decision denying relief under this chapter shall be clearly stated on the record.

(2) Habeas corpus proceedings.—

(A)In general.—
In a Federal habeas corpus proceeding arising out of a State conviction, the court shall ensure that a crime victim is afforded the rights described in paragraphs (3), (4), (7), and (8) of subsection (a).

(B) Enforcement.—

(i)In general.—
These rights may be enforced by the crime victim or the crime victim's lawful representative in the manner described in paragraphs (1) and (3) of subsection (d).

(ii)Multiple victims.—
In a case involving multiple victims, subsection (d)(2) shall also apply.

(C)Limitation.—
This paragraph relates to the duties of a court in relation to the rights of a crime victim in Federal habeas corpus proceedings arising out of a State conviction, and does not give rise to any obligation or requirement applicable to personnel of any agency of the Executive Branch of the Federal Government.

(D)Definition.—
For purposes of this paragraph, the term "crime victim" means the person against whom the State offense is committed or, if that person is killed or incapacitated, that person's family member or other lawful representative.

(c) Best Efforts To Accord Rights.—

(1)Government.—
Officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a).

(2)Advice of attorney.—
The prosecutor shall advise the crime victim that the crime victim can seek the advice of an attorney with respect to the rights described in subsection (a).

(3)Notice.—
Notice of release otherwise required pursuant to this chapter shall not be given if such notice may endanger the safety of any person.

(d) Enforcement and Limitations.—

(1)Rights.—
The crime victim or the crime victim's lawful representative, and the attorney for the Government may assert the rights described in subsection (a). A person accused of the crime may not obtain any form of relief under this chapter.

(2)Multiple crime victims.—
In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

(3)Motion for relief and writ of mandamus.—
The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred. The district court shall take up and decide any motion asserting a victim's right forthwith. If the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus. The court of appeals may issue the writ on the order of a single judge pursuant to circuit rule or the Federal Rules of Appellate Procedure. The court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed, unless the litigants, with the approval of the court, have stipulated to a different time period for consideration. In deciding such application, the court of appeals shall apply ordinary standards of appellate review. In no event shall proceedings be stayed or subject to a continuance of more than five days for purposes of enforcing this chapter. If the court of appeals denies the relief sought, the reasons for the denial shall be clearly stated on the record in a written opinion.

(4)Error.—
In any appeal in a criminal case, the Government may assert as error the district court's denial of any crime victim's right in the proceeding to which the appeal relates.

(5)Limitation on relief.—In no case shall a failure to afford a right under this chapter provide grounds for a new trial. A victim may make a motion to re-open a plea or sentence only if—

(A) the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied;

(B) the victim petitions the court of appeals for a writ of mandamus within 14 days; and

(C) in the case of a plea, the accused has not pled to the highest offense charged.

This paragraph does not affect the victim's right to restitution as provided in title 18, United States Code.

(6) No cause of action.—

Nothing in this chapter shall be construed to authorize a cause of action for other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.

(e) Definitions.—For the purposes of this chapter:

(1) Court of appeals.—The term "court of appeals" means—

(A) the United States court of appeals for the judicial district in which a defendant is being prosecuted; or

(B) for a prosecution in the Superior Court of the District of Columbia, the District of Columbia Court of Appeals.

(2) Crime victim.—

(A) In general.—

The term "crime victim" means a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia.

(B) Minors and certain other victims.—

In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights under this chapter, but in no event shall the defendant be named as such guardian or representative.

(3) District court; court.—

The terms "district court" and "court" include the Superior Court of the District of Columbia.

(f) Procedures To Promote Compliance.—

(1)Regulations.—
Not later than 1 year after the date of enactment of this chapter, the Attorney General of the United States shall promulgate regulations to enforce the rights of crime victims and to ensure compliance by responsible officials with the obligations described in law respecting crime victims.

(2)Contents.—The regulations promulgated under paragraph (1) shall—

(A) designate an administrative authority within the Department of Justice to receive and investigate complaints relating to the provision or violation of the rights of a crime victim;

(B) require a course of training for employees and offices of the Department of Justice that fail to comply with provisions of Federal law pertaining to the treatment of crime victims, and otherwise assist such employees and offices in responding more effectively to the needs of crime victims;

(C) contain disciplinary sanctions, including suspension or termination from employment, for employees of the Department of Justice who willfully or wantonly fail to comply with provisions of Federal law pertaining to the treatment of crime victims; and

(D) provide that the Attorney General, or the designee of the Attorney General, shall be the final arbiter of the complaint, and that there shall be no judicial review of the final decision of the Attorney General by a complainant.

• **Federal Rule of Criminal Procedure, Rule 58(e)(2)**

*Ensuring Compliance.* The court may issue any order reasonably necessary to ensure compliance with a restitution order or a notice order after disposition of an appeal, including:

> (A) a restraining order;
>
> (B) an injunction;
>
> (C) an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry; or
>
> (D) an order requiring the defendant to post a bond.

• **18 U.S.C. §3613A(a)(1)**

Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release, modify the terms or conditions of probation or a term of supervised release, resentence a defendant pursuant to section 3614, hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution.